UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| CRAIG J. MERCER, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | 2:14-cv-00531-JDL |
| KEVIN JOYCE, | ) ) ) | |
| Respondent | ) ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

Petitioner Craig J. Mercer has filed a petition, which he has identified as a motion pursuant to 28 U.S.C. § 2241. Because Petitioner challenges several state court judgments, his filing is in substance a petition pursuant to 28 U.S.C. § 2254. *See González-Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010) (noting that although the petitioners filed under sections 2241 and 2254, "prisoners in state custody are required to comply with all the requirements laid out in § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses").

When a section 2254 motion is filed, a court must promptly examine it, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Cases. A petitioner is entitled to relief only if he is "in custody pursuant to the judgment of a State court" and "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2554(a).

A review of Petitioner's filing reveals that the state court judgments about which Petitioner complains are not the cause of Petitioner's present incarceration. Instead, Petitioner complains of the issues related to the suspension of his driver's license and the payment of fines.[1] Petitioner, therefore, has not established a necessary prerequisite to a section 2254 action - that his custodial status is the result of the particular state court judgments that he challenges in his petition. *See Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986) (per curiam) ("[W]e agree with those courts which have concluded that fines and suspensions of the amount here involved are not the sort of 'severe[] restraint on individual liberty' for which habeas corpus relief is reserved.") (quoting *Harts v. Indiana*, 732 F.2d 95, 97 (7th Cir. 1984)) (quotation marks omitted); *Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970) (per curiam) (holding that revocation of the right to drive is not a sufficient restriction of liberty to permit federal courts to take habeas corpus jurisdiction).[2] Because Petitioner has not satisfied, and on this record cannot satisfy, the custody requirement of section 2254, the petition should be dismissed.

---

[1] Petitioner attaches the docket sheets for the five state court judgments he challenges. (Docket Sheets, ECF Nos. 1-2 through 1-6.) None of the docket sheets indicates that Petitioner was incarcerated as a result of any of the judgments. Three of the judgments followed admissions of civil violations and did not result in incarceration. (ECF Nos. 1-3, 1-4, 1-6.) The other two judgments each followed Petitioner's plea to a misdemeanor for carrying a concealed weapon, 25 M.R.S. § 2001-A(1)(B) (Class D). (ECF Nos. 1-2, 1-5.) Petitioner was sentenced to a fine in each of the misdemeanor cases. (ECF Nos. 1-2 at 2, 1-5 at 3.) Both of the misdemeanor cases have an entry in September 2013 stating in part "order commit in lieu of fine," but in both cases, that order was stayed for one year, and there is no indication that Petitioner was in custody at all for those offenses or, more particularly, that he was in custody as to those judgments on the day he filed the pending section 2254 petition. (ECF Nos. 1-2 at 5, 1-5 at 5.) *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (noting that the Court has interpreted 28 U.S.C. §§ 2241(c)(3), 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

[2] To the extent that Petitioner is attempting to assert a claim regarding solely the imposition of fines, such a claim is not cognizable under 28 U.S.C. § 2254 because it relates to Petitioner's property interest (*i.e.*, money), and not Petitioner's custody. *See Washington v. McQuiggin,* 529 F. App'x 766, 773 (6th Cir. 2013) (noting that claims regarding "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim").

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. The recommendation is (1) that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2254, and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of January, 2015.